At this term, David P. S. Nichols was indicted and tried for obtaining money under false pretenses from one William McReynolds. The indictment and proof was that he falsely pretended to him that he was about to lend to one Emmor Pierson $438, but had not that amount, and if he would loan him one-half of it, $219, for that purpose, he should equally share with him in the profit of the loan, and he would refund the $219 to him in twelve days thereafter, and thereby deceitfully obtained the sum of $219 from him, and which he had never repaid to him. Pierson was a man of ample means and high credit, and but for the representation of the defendant that he was to lend the money to him, McReynolds would not have loaned it to him. On cross-examination he staled that prior to that time the defendant had frequently borrowed money of his business firm on his own check, and when he let him have the money he took his check for it at twelve days, and had sufficient confidence in him to believe his representation that he was going to lend it to Pierson was true. He knew he was prompt in the payment of all his demands, and he loaned the amount to the defendant on the credit of both of them, and expected he would repay it as soon as Pierson paid him. *Page 115 
That there were three distinct allegations of false pretenses contained in the indictment; first, that the defendant falsely represented and pretended to the prosecuting witness, McReynolds, that he was about to loan $438, to Emmor Pierson; second, that if he would let him have half of the amount, he should share with him equally in the profit of the loan; third, that if he would let him have it for the purpose stated, he would refund it to him in twelve days thereafter. And although any number of false pretenses may be laid or alleged in an indictment of this kind, it is sufficient to prove any one of them, provided it is material and of such a character as will sustain the prosecution. The only false pretense, however, alleged in this indictment which is sufficient for that purpose, provided it is proved to the satisfaction of the jury, was the first, or the allegation that the defendant falsely represented and pretended to the witness that he was about to loan Pierson $438, and obtained from him one-half of the sum, $219, to make up the amount of the loan he falsely pretended he was about to make to him, and which properly imported that he was then and at that time going to make him the loan stated, and not that he was going to do it at some subsequent period. It was, therefore, if false and fallacious, a pretense of an existing fact, or a present and immediate purpose to loan him the money as stated, and did not fall within the case of a mere promise of future conduct, or of a trust on credit at all, as a pretense to pay for goods on delivery, but which the party did not mean to do when he bargained for them. But if the jury were satisfied from the evidence that this particular and alleged pretense was false and that Pierson was induced by it to loan him the $219, mentioned, and the defendant obtained it from him with the deceitful intent at the time so to cheat and defraud him out of it, they should convict him, otherwise he should be acquitted. *Page 116